PER CURIAM.
This cause is before us upon the complaint of The Florida Bar.[1] After a hearing, the referee found respondent guilty as to Count I of the Bar’s complaint.[2] The referee found that:
Respondent has violated [rule] 4-1.15 (a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive), [rule] 4-3.4(c) (a lawyer shall not knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists), [r]ule 4-8.4(c) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation) of the Rules *854 of Professional Conduct; [and rule] 5-1.-2(b), (money entrusted to an attorney for a specific purpose is held in trust and must be applied only to that purpose) of the Rules Regulating] Trust Accounts.
The referee recommended that respondent be suspended for three years. The Florida Bar argues that disbarment is the only appropriate penalty. Respondent has chosen not to file an answer brief. We concur with The Florida Bar.
Respondent accepted a $16,000 check as an escrow agent, and misrepresented that it would be held in his attorney trust account. Respondent did not have a trust account. Instead, he cashed the check, obtained a $16,000 cashier’s check, and signed it over for deposit in the personal account of a woman who was allegedly his business partner’s wife — an account over which he exercised no control. The money was then used for purposes unrelated to the escrow within five days of its deposit. When the victim discovered this blatant misappropriation, he contacted various law enforcement agencies. To add insult to injury, respondent sued the victim for slander and defamation stemming from the victim’s allegations about respondent’s misrepresentation. The victim counterclaimed for conversion and civil theft and was awarded $48,000 in treble damages.
The respondent’s conduct indicates a total disregard for his client, the public, and the legal profession, and warrants disbarment. Respondent is hereby disbarred effective February 19, 1990, thereby giving him thirty days to close out his practice. Respondent shall accept no new business after the date of this opinion. Additionally, judgment for costs in the amount of $2,360.00 is hereby entered against respondent, for which sum let execution issue.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDonald, shaw, barkett, GRIMES and KOGAN, JJ„ concur.

. We have jurisdiction. Art. V, § 15, Fla. Const.

. The referee found respondent not guilty as to Count II of the Bar’s complaint.